# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KEMBERLY RENFRO,                          )
                                          )
    Plaintiff,                          )
                                          )        Case No. 22-cv-06132
        v.                          )
                                          )
ROTARY INTERNATIONAL,                     )
                                          )        Judge Sharon Johnson Coleman
    Defendant.                          )
                                          )
                                          )

## MEMORANDUM OPINION AND ORDER

Plaintiff Kemberly Renfro ("Plaintiff") filed her Complaint against Defendant Rotary International ("Defendant") alleging religious discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Before the Court are Plaintiff's and Defendant's motions for summary judgment. For the following reasons, the Court grants Defendant's motion for summary judgment [92] and denies Plaintiff's motion for summary judgment [96].

**BACKGROUND**

The following facts are undisputed. Plaintiff began her employment with Defendant in 2007 as a customer service employee. In March 2020, due to the onset of the COVID-19 pandemic, Defendant implemented a work-from-home program for its employees. On August 10, 2021, Defendant adopted a policy which mandated its employees receive the COVID-19 vaccine against COVID-19 (the "COVID-19 Vaccine Policy") as a condition of employment. Defendant required evidence of being fully vaccinated against COVID-19 by October 4, 2021, one week prior to Defendant's return-to-office date. If employees had "a sincerely held religious belief that precludes you from being vaccinated," they were to "promptly" contact human resources personnel "to

1

determine if [they were] eligible for a reasonable accommodation." Defendant also stated that "personal objections will not be honored."

Plaintiff, an "independent Christian," requested accommodation based on a religious exemption to Defendant's COVID-19 Vaccine Policy. Defendant contacted on September 27, 2021, seeking additional information about her religious beliefs and requesting a "written statement" from her local religious leader confirming that receiving the COVID-19 vaccine violated her sincerely held religious beliefs. She stated that she was "very religious and spiritual and align[ed] with the bible related to living a healthy wholesome life," but that she did not have a religious leader from whom she seeks religious guidance. She wrote further that she was "terrified of the potential damage this vaccine and others may cause to [her] body's health and existence and the health and existence of [her] children (future and present)."

Only five of Defendant's employees, including Plaintiff, requested exemptions from the COVID-19 Vaccine Policy based on religious belief. Defendant granted most of the religious exemption requests, including those based on Christian beliefs. Those employees signed attestations to "acknowledge and affirm that [their] sincerely held religio[us] belief is consistent and true," including an affirmation that employee did not take other medications inconsistent with their belief.

On October 4, 2021, Defendant denied Plaintiff's exemption request, determining that the information provided did not "demonstrate a conflict between the COVID-19 vaccine and a sincerely held religious belief." Plaintiff declined to receive the COVID-19 vaccine and was thereafter terminated on October 8, 2021.

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine

dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court must view all evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Hackett v. City of South Bend,* 956 F.3d 504, 507 (7th Cir. 2020). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson,* 477 U.S. at 255 (citation omitted).

**DISCUSSION**

The parties both filed motions for summary judgment. In her motion, Plaintiff claims that no reasonable jury could find, based on the facts, that Defendant's failure to accommodate her religious beliefs and her termination for refusing to receive the COVID-19 vaccine did not violate Title VII. In their motion, Defendants argue that they employed a facially neutral policy for individuals requesting religious accommodations; that Plaintiff failed to establish a sincerely held religious belief entitling her to protection under Title VII; that Defendant could not accommodate Plaintiff's practice without undue hardship; and that Plaintiff failed to show she suffered damages.

The Court begins with Plaintiff's motion, considering whether there is in fact no genuine dispute as of any fact precluding the entry of summary judgment in favor of Defendant and entitling her to summary judgment as a matter of law.

**A. Title VII Requirements**

Title VII prohibits an employer from failing or refusing to hire or discharging any individual, or otherwise discriminating against any individual with respect to her compensation, terms, conditions, or privileges of employment due to the individual's religion. *See* 42 U.S.C. § 2000e *et seq.* To prevail on a Title VII religious discrimination claim, an employee must prove: (1) a religious observation or practice that conflicts with an employment requirement; (2) that the employee called

3

the religious observance or practice to the employer's attention; and (3) that the religious observant

or practice was the basis for the employee's discharge or other discriminatory action. *Adeyeye v.*

*Heartland Sweeteners, LLC,* 721 F.3d 444, 449 (7th Cir. 2013).

A belief is "religious" if it "occupies a place in the life of its possessor parallel to that filled

by the orthodox belief in God." *Adeyeye*, 721 F.3d at 448 (internal citation omitted). Such beliefs

"involve[] matters of the afterlife, spirituality, or the soul, among other possibilities." *Id.* (internal

citation omitted). There are three factors a Court must consider when determining whether a belief

is religious for the purpose of Title VII: (1) the belief necessitating the accommodation must actually

be religious; (2) that religious belief must be sincerely held; and (3) accommodation of the

employee's sincerely held religious beliefs must not impose an undue hardship on the employer.

*Adeyeye,* 721 F.3d at 448. Courts have the "authority and competence" to determine whether there is

a factual dispute as to the religiosity of a plaintiff's beliefs. *Korte v. Sebelius*, 735 F.3d 654, 683 (7th

Cir. 2013).

**B. Religiosity of Plaintiff's Belief**

To support her religious exemption request, Plaintiff wrote to human resources personnel

that her objection to the COVID-19 vaccine was based on beliefs "that all life is sacred."[1] She

explained to Defendant's employees that because of these beliefs, "the ingestion, injections or other

vaccination methods are against [her] deep, sincerely held religious beliefs." Accordingly, as part of

her religious practice, Plaintiff ensures she consumes only foods and medicines that "align with the

bible related to living a healthy wholesome life." Specifically, instead of embracing traditional

medicine, she explained she "practice[s] holistic medical remedies and treatments and a healthy

---

[1] Plaintiff also testified that her objection was grounded in the beliefs that God is "within" her and that "[her] body is the temple.". However, because Plaintiff must show that she "called the religious observance or practice to [Defendant's] attention," the Court's analysis focuses on what Plaintiff affirmatively communicated to Defendant.

eating lifestyle to avoid ingesting any foods or chemicals" that are not in line with her "sincerely held religious principles and beliefs."

These beliefs do not "address fundamental and ultimate questions having to do with deep and imponderable matters." *See Fallon*, 877 F.3d at 492. The basis of her refusal to receive the COVID-19 vaccine, that it would "defile" her body and run contrary to her obligation to "liv[e] a healthy wholesome life," is a concern about harm to her body. This is grounded in a medical belief, not a religious one. Her citations to certain Scriptures which she states inform her belief that she must refuse the COVID-19 vaccine amount to an "isolated moral teaching" which, "by itself, is not a comprehensive system of beliefs about fundamental or ultimate matters." *Fallon v. Mercy Cath. Med. Ctr. Of Se. Pennsylvania*, 877 F.3d 487, 492 (3d Cir. 2017). There is no evidence that she explained to Defendant how her religious beliefs limited what she did or did not put into her body. There is no explanation as to what makes a certain medicine "align" with her beliefs, other than that she only ingests what she believes would not "defile" her "temple."

Several courts in this District have adopted the holding of the Third Circuit laid out in *Fallon v. Mercy Cath. Med. Ctr. Of Se. Pennsylvania* concerning religious discrimination claims arising from COVID-19 vaccine mandates. In *Fallon*, the court found that a refusal to be vaccinated grounded in the belief that vaccines cause physical harm is essentially rooted in medical, not religious concerns. 877 F.3d 487, 492 (3d Cir. 2017). The *Fallon* court's conclusion is consistent with EEOC's guidance concerning objections to the COVID-19 vaccine: "[O]bjections to the COVID-19 vaccination requirement that are purely based on… nonreligious concerns… do not qualify as religious beliefs." *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, U.S. Equal Opportunity Employment Commission (last updated May 15, 2023). Though decided at the motion to dismiss stage, based on its consistency with the EEOC guidance and its adoption in Northern District of Illinois courts, the Court finds *Fallon*'s reasoning applicable and persuasive as a

5

matter of law. *See Flores v. Cook Cnty,* No. 23-cv-16260, 2024 WL 3398360, at *2 (N.D. Ill. July 11, 2024) (Daniel, J.); *Guthrie-Wilson v. Cook Cnty.,* No. 1:23-cv-362, 2023 WL 8372043, at *3 (N.D. Ill. Dec. 4, 2023) (Bucklo, J.); *Brown v. Cook County Auditor's Office,* No. 23-cv-10452, 2024 WL 3426888, at *4 (N.D. Ill. July 16, 2024) (Coleman, J.).

To accept Plaintiff's claim that her general spiritual views are "religious" would amount to finding that Plaintiff had a "blanket privilege" to claim that her employer's mandatory policy conflicted with those ambiguous "beliefs" whenever she did not wish to comply. But Northern District of Illinois courts have repeatedly held that general beliefs, proffered without specificity as to *which* beliefs preclude compliance with vaccine mandates, do not constitute "religious" beliefs of the type protected by Title VII. *See Brown,* 2024 WL 3426888, at *4 (holding that health concerns presented as religious beliefs are not afforded Title VII protection); *see also Hassett v. United Airlines, Inc.,* No. 23 C 14592, 2024 WL 1556300, at *3 (N.D. Ill. Apr. 10, 2024) (Kennelly, J.) (finding that an employee's unadorned allegations that he held vague "'Christian' beliefs 'against getting the COVID-19 vaccine'" were insufficient to support Title VII religious discrimination claim because one must allege "facts explaining how his beliefs conflict with vaccination"); *see Nelson-Godfrey*, 2024 WL 2722668, at *3 (same) (citations omitted).

Nor is it important, as Plaintiff urges, that her brother, Marlon Renfro, testified that he considered Plaintiff's views to be "religious" and "corroborated [Plaintiff's] upbringing in a family structure that included religious influence and the importance of spiritual beliefs, noting the influence of … familial values." Such statements are not binding on this Court's analysis. The Court also agrees with Defendant that such testimony would not be admissible at trial, as Plaintiff's brother has no independent knowledge of the religious belief forming the basis of Plaintiff's refusal to receive the COVID-19 vaccine, nor Plaintiff's communications to Defendant.

Plaintiff failed to provide evidence that there is no genuine dispute as to her disclosure of a specific "religious" belief within the meaning of Title VII.  Accordingly, the Court denies her motion for summary judgment.  Because the Court finds there is insufficient evidence in the record for her to meet a threshold element of her claim, pursuant to Federal Rule of Civil Procedure 56(f), the Court grants summary judgment in favor of Defendant.  The Court need not discuss the issues raised by Defendant as to damages.

**CONCLUSION**

For these reasons, the Court grants Defendant's motion for summary judgment [92] and denies Plaintiff's motion for summary judgment [96].

**IT IS SO ORDERED.**

Date: 5/5/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge